**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| William Raymond, | : | |
| Plaintiff, | : | Case No: 8:20-cv-00462 |
| | : | |
| v. | : | Judge: William F. Jung |
| | : | |
| First Federal Credit Control, Inc. et al., | : | |
| Defendants. | : | Motion to Dismiss with Prejudice Pursuant to Rule 41(b) |
| | : | |

Defendant First Federal Credit Control, Inc. ("FFCC") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 41(b) for an Order dismissing Plaintiff William Raymond's ("Plaintiff") claims for want of prosecution and requesting sanctions against Plaintiff if he attempts to re-file these claims.

## Relevant Factual Background

On February 27, 2020, Plaintiff filed is complaint alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq. ("FCRA") as well as Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq. (the "FDCPA"). *See* ECF #1. On May 1, 2020, FFCC filed its answer to the complaint. *See* ECF # 14. Subsequently, on September 11, 2020, Plaintiff's counsel filed a motion to withdraw as attorney, stating that they had been unable to contact Plaintiff since August 18, 2020. *See* ECF # 19. A hearing was held on September 23, 2020 and this motion was denied on the same day. *See* ECF # 23. At the hearing on Plaintiff's counsel's motion to withdraw, this Court indicated that the parties should wait to see if Plaintiff appeared for his deposition and move for proper relief in the event that he did not appear. Plaintiff was scheduled for his deposition on September 25,

1

2020 and failed to appear. *See*, Affidavit of Non-Appearance attached hereto as "Exhibit A."

## **Legal Argument**

Plaintiff has clearly abandoned his claims against FFCC, and the Complaint against it should be dismissed. FED. R. CIV. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). The Eleventh Circuit has confirmed the federal district courts' authority, under Rule 41(b), to dismiss a plaintiff's complaint for failure to adhere to court rules. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *see also McKelvey v. AT T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir.1986).

Courts in this Circuit have held that a Rule 41 dismissal *with prejudice* is proper where a plaintiff's inaction appeared willful, the plaintiff was warned of the potential consequences of continued inaction, that defendants are prejudiced where they have to continue their defense where plaintiff willfully declined to respond to motions and/or court orders, and less severe sanctions were considered by the court. *See Summerlin v. Stars-N-Strikes - Dall.,* 1:12-cv-2442-WSD, at *4 (N.D. Ga. Sep. 24, 2013); *see also Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1338 (11th Cir. 2005) (holding that a district court may dismiss an action with prejudice when Plaintiff engages in a clear pattern of delay and lesser sanctions are inadequate to correct such conduct)."

Here, Plaintiff's inaction is clearly willful. He has completely ignored his counsel's attempts to contact him (since August) and failed to appear for his deposition nearly a month after that. Any sanction lesser than a dismissal with prejudice will not be sufficient to address Plaintiff's complete lack of response, even to his own counsel, in an effort to

2

more his own case forward.

FFCC continues to suffer prejudice each day they are forced to defend, through counsel, against Plaintiff's abandoned claims before the Court. In considering less severe sanctions, the Court should take account of the numerous opportunities Plaintiff has been given to pursue his claims in this case. There is no doubt that it is equitable and appropriate for the Court to exercise its inherent powers and authority under rule 41(b) to enter a dismissal with prejudice.

## Conclusion

FFCC respectfully requests that this court grant its motion to dismiss this case with prejudice pursuant to its inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure. Additionally, FFCC requests that this Court assess sanctions for FFCC's attorney's fees and costs in the event that Plaintiff re-files this action.

                                              Respectfully submitted,

                                              /s/ Joseph C. Proulx
Joseph C. Proulx, Esq.
FBN:  0056830
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone:  (813) 251-5500
Direct:  (813) 251-3668
Fax:  (813) 251-3675
jproulx@gsgfirm.com